UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Richard Cionci, | ) | Civil Action No. 9:21-3175-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Wells Fargo Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Molly H. Cherry on July 19, 2022 ("Report"). (ECF No. 21.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) for the District of South Carolina, this case was referred to Magistrate Judge Cherry for pretrial handling. In her Report, the Magistrate Judge recommends that Defendant Wells Fargo Bank, N.A.'s ("Defendant") motion to dismiss be granted in part and denied in part. (*See id.*) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered her Report on July 19, 2022, recommending that Defendant's motion to dismiss be granted in part and denied in part. (*Id.* at 1, 30–31.) On August 1, 2022, Defendant filed objections. (ECF No. 23.) Plaintiff replied to Defendant's objections on August 16, 2022. (ECF No. 24.) The matter is ripe for consideration and the

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In her Report, Magistrate Judge Cherry found that the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action in the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 21 at 10–11, 17–30.) Neither party objects to these findings and review of the Magistrate Judge's analysis and conclusions reveals no error. Accordingly, the applicable portions of the Report are adopted and the motion to dismiss is granted as to those claims.

Magistrate Judge Cherry further found that the motion to dismiss should be denied as to Plaintiff's breach of contract and breach of contract accompanied by fraudulent act claims, the First and Second Causes of Action in the Amended Complaint. (*Id.* at 11.) The

Magistrate Judge concluded that the allegations in these claims, when viewed in the light most favorable to Plaintiff, focus on Defendant's alleged breach of the pre-foreclosure requirements in the mortgage contract and are therefore subject to the twenty-year statute of limitations set forth in S.C. Code § 15-3-520(a) for "an action upon a bond or other contract in writing secured by a mortgage of real property." (ECF No. 21 at 11–15.)

Defendant objects by arguing that Magistrate Judge Cherry's conclusion regarding the statute of limitations applicable to the contract claims is erroneous because her "recommendation runs contrary to prior decisions from Judge Lewis and Judge Childs holding that the three-year period governs under situations such as this, where a borrower asserts claims against a lender that are collateral to the actual terms of the parties' mortgage contract." (ECF No. 23 at 1.) Defendant cites *Davis v. Citimortgage, Inc.*, No. 0:15-CV-04643-MGL, 2016 WL 4040084 (D.S.C. July 28, 2016), and *Carrington v. Mnuchin*, No. 5:13-03422-JMC, 2016 WL 316020 (D.S.C. Jan. 27, 2016), for the proposition that where a plaintiff's contract claims arising out of a mortgage loan relate to alleged "fraud," the three-year statute governs rather than the twenty-year statute. (*See* ECF No. 23 at 1–2.)

The Court agrees with the sound reasoning and analysis of the Magistrate Judge, and Defendant's objections provide no reason to deviate from the recommendation advanced in the Report. Though, Defendant cites *Davis* and *Carrington* as persuasive authority that would undermine Magistrate Judge Cherry's findings, the Report actually discusses both of those decisions in a manner that shows that they are inapposite:

> In *Davis*, the plaintiff alleged that his wife forged his name on a deed conveying a half interest of his property to her and then re-financed the mortgage without his consent. The lender moved to foreclose a few years later. A decade later, Plaintiff was researching his title and discovered the

3

> deed containing his forged signature. He then filed a lawsuit against his lender, asserting a claim for breach of contract accompanied by a fraudulent act, in which he challenged the loan origination and asserted that the defendant lender added moneys to Plaintiff's mortgage, without Plaintiff's actual authorization and further committed fraudulent acts in doing so. The court rejected Plaintiff's argument that the twenty-year statute of limitations applied to his claim for breach of contract accompanied by a fraudulent act, finding instead that the claim was time-barred by the general three-year statute of limitations.

(ECF No. 21 at 13 (citations and quotation marks omitted).) *Davis* is distinguishable because the allegedly fraudulent conduct was tangential to the mortgage default and foreclosure proceedings, and the allegedly fraudulent conduct was clearly the gravamen of the plaintiff's claims. Moreover, *Davis* confirms that § 15-3-520(a)'s twenty-year statute of limitations applies "to actions directly concerning defaults on mortgages and foreclosure proceedings." *Davis*, 2016 WL 4040084, at *3. Plaintiff's allegations in the instant case, even where those allegations assert fraudulent intent, pertain to Defendant's putative failure to participate in proper loss mitigation procedures as required by the note and the contract before it accelerated the debt and filed a foreclosure action against Plaintiff. (*See* ECF No. 21 at 14–15 (itemizing specific allegations in the Amended Complaint).) Thus, the contract claims, read in the light most favorable to Plaintiff, directly concern his mortgage default and foreclosure proceedings and are subject to the twenty-year statute of limitations because they constitute "an action upon a bond or other contract in writing secured by a mortgage of real property." *See* S.C. Code. Ann. § 15-3-520(a).

In *Carrington*, Judge Childs denied the borrower-plaintiff's motion to reconsider a prior order dismissing mortgage-related contract claims where the plaintiff did not file an opposition to the motion to dismiss and did not raise the twenty-year statute of limitations until the motion to reconsider. *See Carrington*, 2016 WL 316020, at *1–*3. Magistrate

Judge Cherry explained the history of the case as follows:

> In *Carrington*, the borrowers filed suit asserting multiple tort and contract claims following the servicer's alleged failure to comply with provisions of the mortgage concerning an escrow account and the failure to modify plaintiffs' mortgage loan. In initially granting the defendant's motion to dismiss, the court noted that plaintiffs had not filed any opposition to the motion to dismiss, and it applied the three-year statute of limitation to the borrowers' claims for breach of the mortgage agreement. *Carrington v. Mnuchin*, No. CIV.A. 5:13-03422-JM, 2014 WL 4249876, at *8 (D.S.C. Aug. 27, 2014) ("Therefore, the court concludes that Plaintiffs' claims for breach of contract and violation of [the Real Estate Settlement Procedures Act] accrued in August 2010 when they had notice that [the lender] had breached the Mortgage by failing to pay taxes on the Property out of funds in escrow."). The plaintiffs moved for the court to reconsider the order granting the motion to dismiss, arguing for the first time that their claims were not subject to a three-year statute of limitation but instead were governed by the twenty-year statute of limitations. The court denied the motion to reconsider. *Carrington*, 2016 WL 316020, at *3. The court subsequently denied plaintiffs' Rule 59(e) motion to alter the order on the motion to reconsider, in which plaintiffs again argued that their claims were governed by the twenty-year statute of limitations. *Carrington v. Mnuchin*, No. 5:13-CV-03422-JMC, 2016 WL 4771288, at *3 (D.S.C. Sept. 14, 2016), *aff'd sub nom. Carrington v. IMB HoldCo LLC*, 692 F. App'x 715 (4th Cir. 2017).

(ECF No. 21 at 13 n.3.) *Carrington* is distinguishable from the case *sub judice*, in that the *Carrington* court only considered the possible application of the twenty-year statute of limitations on a motion to reconsider due to the plaintiff's failure to raise the issue in response to the motion to dismiss. However, to the degree the underlying facts at issue in *Carrington* can be likened to the facts at issue here—*e.g.*, where the *Carrington* plaintiffs alleged breach of contract and fraudulent acts related to the servicer's pre-foreclosure loan modification procedures—the Court finds *Carrington*'s application of the three-year statute of limitations unpersuasive and agrees with the Magistrate Judge that the twenty-year statute applies "to actions directly concerning defaults on mortgages and foreclosure proceedings." *Davis*, 2016 WL 4040084, at *3. Therefore, Defendant's

objections are overruled.

## **CONCLUSION**

After *de novo* review of the Report, the record, and the applicable law, the Court ADOPTS the Report (ECF No. 21) of the Magistrate Judge and incorporates it herein. Accordingly, Defendant Wells Fargo Bank, N.A.'s objections (ECF No. 23) are OVERRULED. Defendant's motion to dismiss (ECF No. 15) is GRANTED in part and DENIED in part. Specifically, the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action in the Amended Complaint are dismissed; whereas, the First and Second Causes of Action survive and will proceed to discovery.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 19, 2022
Charleston, South Carolina